# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                           )
      v.                 )     ID No. 0902005408
                           )
ANTHONY L BROWN,      )
                           )
         Defendant.    )
                           )

Date Submitted: July 16, 2024
Date Decided: October 1, 2024

## ORDER

Upon consideration of Defendant Anthony Brown's ("Brown") fourth Motion for Sentence Modification,[1] Delaware Superior Court Criminal Rule 35(b),[2] statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)    On November 4, 2009, Brown pled guilty to Robbery First Degree (IN09-02-1281), PFDCF (IN09-02-1288), Robbery First Degree (IN09-02-1282), and Burglary First Degree (IN09-02-1287).[3]  By Order dated January 22, 2010, effective January 22, 2010, the Court sentenced Brown as follows: for Robbery First Degree, 5 years at Level V;[4] for PFDCF, 3 years at Level V;[5] for Robbery First Degree, 5 years at Level V; and for Burglary First Degree, 4 years at Level V,

---

[1] D.I. 58.
[2] Del. Super. Ct. Crim. R. 35(b).
[3] D.I. 26.
[4] This sentence was ordered as consecutive to any sentence now serving.
[5] All time imposed is mandatory/no good time according to 11 *Del. C*. 1447A.

suspended after 2 years at Level V for 2 years at Level IV work release or home confinement, suspended after 6 months at Level IV for 18 months at Level III.[6]

(2)     On March 24, 2020, Brown filed his first Motion for Sentence Modification to request the remainder of his Level V sentence be suspended for 6 months Level IV Work Release or Home Confinement followed by 18 months at Level III.[7]  By Order dated September 25, 2020, the Court denied the Motion.[8]

(3)     On December 15, 2020, Brown filed his second Motion for Sentence Modification requesting his sentence be reviewed.[9]  By Order dated March 26, 2021, the Court modified Brown's Level IV to DOC Discretion in light of the limitations on programming at Level IV due to the Pandemic.[10]

(4)     On April 26, 2021, Brown filed his third Motion for Sentence Modification requesting a "change in environment."[11]  By Letter dated August 5, 2021, the Court denied the Motion.[12]

(5)     On July 2, 2024, Brown filed the instant Motion for Sentence Modification ("Motion") asking the Court to modify his Level IV sentence for

---

[6] D.I. 42.

[7] D.I. 49.  The Motion is a request for a reduction of Level V time only.

[8] D.I. 50.  The Motion was denied because the Level V time that the Court imposed was a minimum mandatory sentence.

[9] D.I. 51.

[10] D.I. 52; D.I. 53.

[11] D.I. 54.

[12] D.I. 55.  The Motion was denied because the Level V time that the Court imposed was a minimum mandatory sentence.

Burglary First Degree.[13]  Brown claims that he is not eligible for early work release because of the amount of Level IV time imposed by his sentence.[14]

(6)     Delaware Superior Court Criminal Rule 35(b) governs motions for modification of sentence.[15]  The purpose of Rule 35(b) is to "provide a reasonable period for the Court to consider alteration of its sentencing judgments."[16]  Rule 35(b) contains procedural bars for timeliness and repetitiveness.[17]  Under Rule 35(b), the "[C]ourt will not consider repetitive requests for reduction of sentence."[18]  The repetitive motion bar is applicable even when the request is for reduction or modification of a term of partial confinement or probation.[19]

(7)     Because this is his fourth motion for sentence modification, Brown's Motion is procedurally barred as repetitive.[20]

(8)     The sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court which would

---

[13] D.I. 57.  The Court has previously informed Brown that the case number he references in his Motion is incorrect.  *See* D.I. 59. Brown requests his "12 months lvl 4," sentence be modified.  But the Court did not order 12 months at level IV, it ordered 2 years at Level IV, *suspended after 6 months at Level IV*. *See* D.I. 53.

[14] D.I. 57.  Brown states his counselor Mrs. Faison told him that inmates sentenced to 12 months or more of Level IV, following their Level V time, are not eligible for work release.

[15] Del. Super. Ct. Crim. R. 35(b).

[16] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014).

[17] Del. Super. Ct. Crim. R. 35(b).

[18] *Id.*

[19] *State v. White*, 2018 WL 3545505, at *1 (Del. Super. Ct. July 23, 2018); *See also Teat v. State*, 31 A.3d 77 (Del. 2011) (The Supreme Court of Delaware affirmed the denial of a motion seeking modification of partial confinement on the grounds that the motion was repetitive.).

[20]  *See supra* ¶¶ 2-4.

3

warrant a reduction or modification of this sentence.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Brown's fourth

Motion for Sentence Modification is **DENIED**.


**IT IS SO ORDERED.**



           <u>/s/ Jan R. Jurden</u>
           Jan R. Jurden, President Judge



cc:  Original to Prothonotary
    Matthew B Frawley, Esq.
    Anthony L Brown (SBI # 00286636)